UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS CASTRO, CDCR #V33841,<br><br>         Plaintiff,<br><br>vs.<br><br>CONNIE GIPSON, J. HILL, AMADOR, D. EUSTAQUIO, SEGOVIA, WINGO, SURKHI, M. VILORIA, GONZALEZ, J. MOECKLY, H. MOSELEY, W. SMITH,<br><br>         Defendant. | Case No.: 3:24-cv-0789-DMS-DEB<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM AND FAILING TO PROSECUTE** |

  On May 1, 2024, Plaintiff Dennis Castro, a prisoner confined R. J. Donovan Correctional Facility and proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1. After the Court initially dismissed the action for failure to satisfy the filing fee requirement, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP") and the case was reopened. On September 6, 2024, the Court granted Plaintiff's IFP motion and *sua sponte* dismissed the Complaint in its entirety for failure comply with Federal Rule of Civil Procedure 8 and failure to state a claim. ECF No. 7.

  In the same order, the Court informed Plaintiff of the pleading deficiencies of his complaint and the granted him leave amended it within 45 days. *Id.* at 6–14. Plaintiff was

1 also informed that if he failed to timely amend, the Court would enter a final judgment of
2 dismissal based on his failure to state a claim and his failure to prosecute in compliance
3 with the court order requiring amendment. *Id.* at 14 (citing *Lira v. Herrera*, 427 F.3d 1164,
4 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his
5 complaint, a district court may convert the dismissal of the complaint into dismissal of the
6 entire action.")).

7 The time for Plaintiff to respond to the Court's order has long passed and the Court
8 has received no communication from Plaintiff. The failure of the plaintiff eventually to
9 respond to the court's ultimatum–either by amending the complaint or by indicating to the
10 court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal."
11 *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004); *Henderson v. Duncan*, 779
12 F.2d 1421, 1423 (9th Cir. 1986) (the Court has discretion to *sua sponte* dismiss a case for
13 lack of prosecution or failure to comply with a court order); *see also* Fed. R. Civ. P. 41(b)
14 (providing for involuntary dismissal for failure to prosecute or comply with the federal
15 rules or court order).

## CONCLUSION AND ORDER

The Court **DISMISSES** this civil action in its entirety based on Plaintiff's failure to state a plausible § 1983 claim and his failure to prosecute this action. The Court **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED.**

Dated: March 24, 2025

Hon. Dana M. Sabraw
United States District Judge